# COMMONWEALTH OF VIRGINIA





PETERSBURG CIRCUIT COURT
Civil Division
7 COURTHOUSE AVE
PETERSBURG VA 23803-4589
(804) 733-2367

Summons

*Please serve*

To: VIRGINIA STATE POLICE
SER: TROOPER M. HEDGEPATCH
7700 MIDLOTHIAN TURNPIKE
RICHMOND VA 23235

Case No. 730CL25000667-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, August 26, 2025

Clerk of Court: MAYTEE E PARHAM

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:

CL 25-667

## IN THE CIRCUIT COURT FOR THE CITY OF PETERSBURG, VIRGINIA

7 Courthouse Avenue
Petersburg, VA 23803
Joyce M. Jackson, Clerk of Circuit Court

1. Plaintiff (Pro Se):
Derek M. Chandler
5157 Damon Dr.
Richmond, VA 23234
804-892-0657

2- Trooper Jacob Reeves, sued in his individual and official capacities
- Trooper . Defendants:
- Virginia State Police, 7700 Midlothian Turnpike, North Chesterfield, VA 23235
M. Hedgepatch, sued in his individual and official capacities
- John/Jane Doe Defendants, to be identified

## COMPLAINT AND MEMORANDUM OF LAW WITH EXHIBITS

### I. Jurisdiction and Venue

3. This Court has jurisdiction pursuant to the Constitution and laws of the Commonwealth of Virginia.

4. Venue is proper in the Circuit Court for the City of Petersburg because the events giving rise to this action occurred within its jurisdiction.

### II. Parties

5. Plaintiff: Derek M. Chandler, 5157 Damon Dr., Richmond, VA 23234.

6. Defendants:
- Virginia State Police (address above).
- Trooper Jacob Reeves, sued in his individual and official capacities.
- Trooper M. Hedgepatch, sued in his individual and official capacities.
- John/Jane Doe Defendants, to be identified.

### III. Statement of Facts

7. On or about August 22, 2023, Plaintiff was involved in a motor vehicle collision in the City of Petersburg.

FILED

AUG 2 2 2025

Maytee E. Parham
_____ Circuit Court

8. Plaintiff's vehicle was struck during a pursuit involving Trooper Jacob Reeves, with Trooper M. Hedgepatch also present.

9. Defendants engaged in a high-speed pursuit in violation of General Order GO 1-28 (Vehicle Pursuits).

10. The pursuit escalated into an unreasonable and dangerous maneuver, resulting in a T-bone collision with Plaintiff's vehicle on Wagoners Road.

11. Plaintiff sustained serious personal injuries, incurred medical expenses, and faces ongoing and future hospital bills.

12. Defendant Hedgepatch falsified a narrative in official reports, misrepresenting the incident to shield Trooper Reeves and the Department from liability.

13. Exhibits (photos, crash diagrams, hospital records, communications, and transcripts) corroborate the Plaintiff's account.

14. During proceedings, Commonwealth's Attorney Kevin Muller was placed on notice of the falsified narratives and constitutional violations.

15. Despite this notice, he continued prosecution and failed to take corrective action.

16. The Commonwealth's Attorney's Office failed to disclose exculpatory evidence, including crash photos, diagrams, and dispatch communications, violating Brady v. Maryland, 373 U.S. 83 (1963).

## IV. Causes of Action

17. Negligence – Defendants failed to act with reasonable care in pursuit and vehicle operation.

18. Gross Negligence – Defendants' conduct showed reckless disregard for safety.

19. Violation of Civil Rights (42 U.S.C. § 1983; U.S. and Virginia Constitutions) – Excessive force and unlawful pursuit.

20. Assault and Battery – Unauthorized harmful physical contact by use of a police vehicle.

21. Intentional Infliction of Emotional Distress – Severe trauma caused by Defendants' actions.

## V. Prayer for Relief

22. Compensatory Damages: $2,000,000 for past and future medical bills, lost wages, and pain and suffering.

23. Punitive Damages: $5,000,000 to deter similar misconduct.

24. Hospital Bills: Defendant Jacob Reeves specifically to pay all past and future hospital bills.

**25. Other Relief: Any other relief the Court deems just and proper, including costs, interest, and declaratory relief.**

**VI. Exhibit Index (with Summaries)**
**26. Crash Photos (Exhibits 1–5) – Depict damage and injury impact.**

**27. Crash Diagram (Exhibit 6) – Scene reconstruction.**

**28. Transcript (Exhibit 7) – Plaintiff's sworn statement.**

**29. Pursuit Documentation (Exhibits 8–12) – GPS logs, dispatch, radio traffic.**

**30. Medical Records (Exhibit 13) – Hospital treatment and bills.**

**31. Falsified Narrative (Exhibit 14) – Report authored by Trooper Hedgepatch.**

**VII. Certificate of Service**
**32. I hereby certify that a copy of this Complaint will be served upon Defendants by the Sheriff of the City of Petersburg, pursuant to the laws of the Commonwealth of Virginia.**

Respectfully submitted,

Derek M. Chandler
**5157 Damon Dr.**
**Richmond, VA 23234**
**804-892-0657**
**Pro Se Plaintiff**

## MEMORANDUM OF LAW
**33. In Tennessee v. Garner, 471 U.S. 1 (1985), the Court held that deadly force may not be used against a fleeing suspect absent imminent threat.**

**34. In Graham v. Connor, 490 U.S. 386 (1989), the Court established the 'objective reasonableness' standard in excessive force claims.**

**35. Virginia State Police General Orders (GO 1-17 Use of Force, GO 1-28 Vehicle Pursuits, GO 2-4 Vehicle Operations) restrict reckless pursuits and prohibit use of vehicles as weapons.**

36. Defendants' conduct violated these standards and Plaintiff's rights to due process and security of person.

37. Therefore, both Virginia common law and federal civil rights law support liability against the Defendants.







Stage #1









RISK SOLUTIONS

**For Customer Support refer to the appropriate platform below:**

**Police Records Retrieval**
800-934-9698
PoliceRecords.support@lexisnexisrisk.com

**For tips on ordering visit:**
statetips.lexisnexisrisk.com

**Accurint for Insurance**
866-277-8407
Accurint.support@lexisnexisrisk.com

PAGE COUNT: 5

CLIENT:      6730
DIVISION:    SEDAAA
ADJUSTER: SEDGWICK
CLAIM:       2391431630

*EX#6(a)*

TRANSACTION #: 2626174951
DATE:               06/20/2024

DATE OF LOSS: 08/22/2023     TIME OF LOSS: 12:00 AM
STREET:
CITY:
COUNTY:
STATE:               VA

INVESTIGATING AGENCY: VA HQ DMV
REPORT NUMBER:        PD2308210108
REPORT TYPE:          AUTOACCIDENT
PARTY1:               DEREK CHANDLER
PARTY2:               TRACEY CHANDLER
PARTY3:

CAR: CT5A    MAKE: CADILLAC    YEAR: 2023
             TAG:    JLEV41

*Prosecuted me
Based on Remix
This one.*

ADDITIONAL INFO:

NOTE:

THANK YOU FOR YOUR ORDER!

Revised Report ✔    /6/B

# Police Crash Report

FR450P (Rev 1/12)

Page 1    of    4

## CRASH

| Crash Date 08/22/2023 | Day of Week Tuesday | Military Time (24 hr clock) 11:07 | County of Crash | |
|---|---|---|---|---|

GPS ono    3  7    1  9  8  8  5  2    -  7  7    3  3  5  3  1  5

Official DMV Use

✔ City of / Town of PETERSBURG CITY

Landmarks at Scene    232355097

Location of Crash (route/street)
WAGNER ROAD

Railroad Crossing ID no. (7 Xwith 150 ft.)    Local Case Number DIV123095973

At Intersection With or 250    Miles ✔ Feet    N  S  E  W    Location of Crash (route street) of COUNTY DRIVE

Mile Marker Number    Number of Vehicles 2

## VEHICLE # 2

### DRIVER

Driver Fled Scene

Driver's Name (Last, First, Middle)
CHANDLER, DEREK, MICHAEL    Gender ✔

Address (Street and Number)
14602 GATEWOOD ROAD

| City DEWITT | State VA | ZIP 23840 | | |
|---|---|---|---|---|

| Birth Date 09/02/1976 | Drivers License Number T62561374 | State VA | DL ✔ | CDL |
|---|---|---|---|---|

| Safety Equip. Used 3 | Air Bag 8 | Ejected 1 | Date of Death | Injury Type 3 | EMS Transport ✔ |
|---|---|---|---|---|---|

Summons Issued As Result of Crash    Offenses Charged to Driver 46.2-817

## VEHICLE # 1

### DRIVER

Driver Fled Scene

Driver's Name (Last, First, Middle)
REAVES, JACOB, W.    Gender ✔

Address (Street and Number)
900 NATURAL RESOURCES DR. SUITE 200

| City CHARLOTTESVILLE | State VA | ZIP 22903 | | |
|---|---|---|---|---|

| Birth Date 03/24/1998 | Drivers License Number T60276120 | State VA | DL ✔ | CDL |
|---|---|---|---|---|

| Safety Equip. Used 3 | Air Bag 1 | Ejected | Date of Death | Injury Type 6 | EMS Transport ✔ |
|---|---|---|---|---|---|

Summons Issued As Result of Crash 2    Offenses Charged to Driver

## VEHICLE

Vehicle Owner's Name (Last, First, Middle)    Same as Driver
PV, HOLDING  CORP

Address (Street and Number)
8600 HANGER BLVD

| City ORLANDO | State FL | ZIP 32827 | | |
|---|---|---|---|---|

| Vehicle Year 2023 | Vehicle Make CADILLAC | Vehicle Model CTS | Disabled ✔ | CMV | Towed ✔ |
|---|---|---|---|---|---|

| Vehicle Plate Number JLEV41 | State FL | Approximate Repair Cost 20000 | | | |
|---|---|---|---|---|---|

VIN
1G6DS5RK8P0116489    Oversize    Cargo Sp

Name of Insurance Company (not agent)
GEICO    Override    Underride

| Speed Before Crash 35 | Speed Limit 45 | Maximum Safe Speed 35 | Under 8 0 | ALL Passengers Age Count 9 17 0 | 18 21 0 | Over 22 0 |
|---|---|---|---|---|---|---|

## VEHICLE

Vehicle Owner's Name (Last, First, Middle)    Same as Driver
VIRGINIA, STATE, POLICE

Address (Street and Number)
7700 MIDLOTHIAN TURPIKE

| City NORTH CHESTERFIELD | State VA | ZIP 23235 | | |
|---|---|---|---|---|

| Vehicle Year 2019 | Vehicle Make FORD | Vehicle Model TAURUS | Disabled ✔ | CMV | Towed ✔ |
|---|---|---|---|---|---|

| Vehicle Plate Number SP7753 | State VA | Approximate Repair Cost 10000 | | | |
|---|---|---|---|---|---|

VIN
1FAHP2MK8KG113734    Oversize    Cargo Sp

Name of Insurance Company (not agent)
SELF-INSURED    Override    Underride

| Speed Before Crash 0 | Speed Limit 45 | Maximum Safe Speed 0 | Under 8 0 | ALL Passengers Age Count 9 17 0 | 18 21 0 | Over 21 0 |
|---|---|---|---|---|---|---|

## PASSENGER (only if injured or killed)

Name of Injured (Last, First, Middle)    EMS Transport  Date of Death

| Position In/Or Vehicle | Safety Equip Used | Airbag | Ejected | Injury Type | Birthdate | Gender |
|---|---|---|---|---|---|---|

Name of Injured (Last, First, Middle)    EMS Transport  Date of Death

| Position In/Or Vehicle | Safety Equip Used | Airbag | Ejected | Injury Type | Birthdate | Gender |
|---|---|---|---|---|---|---|

Name of Injured (Last, First, Middle)    EMS Transport  Date of Death

| Position In/Or Vehicle | Safety Equip Used | Airbag | Ejected | Injury Type | Birthdate | Gender |
|---|---|---|---|---|---|---|

## PASSENGER (only if injured or killed)

Name of Injured (Last, First, Middle)    EMS Transport  Date of Death

| Position In/Or Vehicle | Safety Equip Used | Airbag | Ejected | Injury Type | Birthdate | Gender |
|---|---|---|---|---|---|---|

Name of Injured (Last, First, Middle)    EMS Transport  Date of Death

| Position In/Or Vehicle | Safety Equip Used | Airbag | Ejected | Injury Type | Birthdate | Gender |
|---|---|---|---|---|---|---|

Name of Injured (Last, First, Middle)    EMS Transport  Date of Death

| Position In/Or Vehicle | Safety Equip Used | Airbag | Ejected | Injury Type | Birthdate | Gender |
|---|---|---|---|---|---|---|

## Codes

**POSITION IN/ON VEHICLE**
1  Driver
2-6  Passengers
7  Cargo Area
8  Riding/Hanging On Outside
9-98  All Other Passengers

**SAFETY EQUIPMENT USED**
1. Lap Belt Only
2. Shoulder Belt Only
3. Lap and Shoulder Belt
4. Child Restraint
5. Helmet
6. Other
7. Booster Seat
8. No Restraint Used
9. Not Applicable

**AIRBAG**
1. Deployed – Front
2. Not Deployed
3. Unavailable/Not Applicable
4. Keyed Off
5. Unknown
6. Deployed – Side
7. Deployed – Other-Knee, Air Belt, etc.)
8. Deployed – Combination

**EJECTED FROM VEHICLE**
1. Not Ejected
2. Partially Ejected
3. Totally Ejected

**SUMMONS ISSUED AS A RESULT OF CRASH**
1. Yes
2. No
3. Pending

**INJURY TYPE**
1. Dead
2. Serious Injury
3. Minor/Possible Injury
4. No Apparent Injury
5. No Injury (driver only)

| Investigating Officer JASON TOWNSEND | Badge/Code Number 7998 | Agency Department Name and Code VIRGINIA STATE POLICE | Reviewing Officer Clifford Thomas | Report File Date 09/02/2023 |
|---|---|---|---|---|

Officer Initials _JT___ Badge # _7998___    Commonwealth of Virginia · Department of Motor Vehicles    FR300P (Rev 1/12)

Revised Report ✓

**Police Crash Report**        Page __4__ of 4

**CRASH**

| Crash Date 08/22/2023 | MILITARY Time (24 hr clock) 11:07 | County of Crash | ✓ City of / Town of PETERSBURG CITY | Local Case Number DIV123095973 |

## CRASH DIAGRAM



Wagner Road

**VEHICLE # 2**

Fill In Impact Area(s).
Initial Impact. 11

```
        12
        ✓
11 ✓      ✓ 1
10 ✓        2
9    13     3
8           4
7           5
     6
     N
```
Veh Dir of Travel –N/S/E/W

**VEHICLE #**

Fill In Impact Area(s).
Initial Impact.

```
        12
11          1
10          2
9    13     3
8           4
7           5
     6
```
Veh Dir of Travel –N/S/E/W

**VEHICLE # 1**

Fill In Impact Area(s).
Initial Impact. 1

```
        12
        ✓
11 ✓      ✓ 1
10 ✓      ✓ 2
9    13     3
8           4
7           5
     6
     E
```
Veh Dir of Travel –N/S/E/W



**VEHICLE #**

Fill In Impact Area(s).
Initial Impact.

```
        12
11          1
10          2
9    13     3
8           4
7           5
     6
```
th
iw
Veh Dir of Travel –N/S/E/W

## DAMAGE TO PROPERTY OTHER THAN VEHICLES

Approx. Repair Cost   Object Struck (Tree, Fence, etc.)   Property Owners Name (Last, First, Middle)          Address (Street and Number)          VDOT Property

## CRASH DESCRIPTION

VEHICLE #2 WAS ELUDING POLICE. VEHICLE #1 CUT THROUGH THE MEDIAN IN AN ATTEMPT TO GET AHEAD OF VEHICLE #2. VEHICLE #1 WAS UNABLE TO GET AHEAD OF VEHICLE #2. VEHICLE #1 STOPPED TO GIVE VEHICLE #2 ROOM TO SAFELY PASS  VEHICLE #2 STRUCK VEHICLE #1.

## CRASH EVENTS

| Vehicle # | First Event | Second Event | Third Event | Fourth Event | Most Harmful Event | Vehicle # | First Event | Second Event | Third Event | Fourth Event | Most Harmful Event |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 20 | | | | 20 | 1 | 20 | | | | 20 |

| Vehicle # | First Event | Second Event | Third Event | Fourth Event | Most Harmful Event | Vehicle # | First Event | Second Event | Third Event | Fourth Event | Most Harmful Event |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

First Harmful Event of Entire Crash that Results in First Injury or Damage.
**20**

**COLLISION WITH FIXED OBJECT**
1  Bank Or Ledge
2  Trees
3  Utility Pole
4  Fence Or Post
5  Guard Rail
6  Parked Vehicle
7  Tunnel, Bridge, Underpass, Culvert, etc.
8  Sign, Traffic Signal
9  Impact Cushioning Device
10. Other
11. Jersey Wall
12. Building/Structure
13. Curb
14. Ditch
15. Other Fixed Object
16. Other Traffic Barrier
17. Traffic Sign Support
18. Mailbox

**COLLISION WITH PERSON, MOTOR VEHICLE OR NON-FIXED OBJECT**
19. Pedestrian
20. Motor Vehicle In Transport
21. Train
22. Bicycle
23. Animal
24  Work Zone Maintenance Equipment
25. Other Movable Object
26. Unknown Movable Object
27. Other

**NON-COLLISION**
28. Ran Off Road
29. Jack Knife
30. Overturn (Rollover)
31. Downhill Runaway
32. Cargo Loss or Shift
33. Explosion or Fire
34. Separation of Units
35. Cross Median
36. Cross Centerline
37. Equipment Failure (Tire, etc)
38  Immersion
39. Fell/Jumped From Vehicle
40. Thrown or Falling Object
41. Non-Collision Unknown
42. Other Non-Collision

Good morning,

We have reviewed the police report.

There is no uninsured motorist coverage available to you. You were the driver of the rental car and determined to be the at fault for the accident.

Thank you,

**Juliana Johnson** | Claims Examiner
**Sedgwick Claims Management Services, Inc., CA license #2549023**

**Annette Morrow, Qualified Manager, CA license #2B88261**
DIRECT 610-293-3018 | FAX 844-676-6162 | Juliana.Johnson@sedgwick.com

PO Box 94696, Cleveland, OH 44101
sedgwick.com |*caring counts*

 sedgwick

*EX # 7*

*Derrick's Response
My knew auto theft dismissed
JDR court 11/21/2023 chesterfields ct

* unlawful Arrest
started Whole situation

* Then police mis conducts

* Police cover ups.
more false charges.

* My vehicle was T-Boned
Rammed off roads

* I have video shows
of collision police lied his vehicle
Never stopped to let
pass , He ram my drivers
front fender and door.*

**From:** Johnson, Juliana
**Sent:** Wednesday, June 19, 2024 9:56 AM
**To:** 'Detra McGovern' <detra.mcgovern@gmail.com>
**Subject:** RE: Claim #2391431630

Good morning,

The file and coverage are still under investigation. We are waiting on a vehicle theft report from the police department.

Thank you,

**Juliana Johnson** | Claims Examiner
**Sedgwick Claims Management Services, Inc., CA license #2549023**

**Annette Morrow, Qualified Manager, CA license #2B88261**
DIRECT 610-293-3018 | FAX 844-676-6162 | Juliana.Johnson@sedgwick.com

PO Box 94696, Cleveland, OH 44101
sedgwick.com |*caring counts*

 sedgwick

Exhibit # O.

# How police use the PIT maneuver to end vehicle pursuits

## Go deep on the steps to PIT and its alternatives, as well as the history, advantages and disadvantages of the precision immobilization technique

Dec 28, 2021

The precision immobilization technique (PIT) has been in law enforcement use since the 1980s. PIT is unquestionably an effective tool for ending vehicle pursuits, but not without controversy. A well-executed PIT deployment usually results in the pursued vehicle spinning out to a stop, followed by the arrest of a dazed driver.

There have also been some episodes where the pursued vehicle overturns or strikes an unyielding object, and the driver and passengers of the pursued vehicle or the occupants of an otherwise uninvolved vehicle are injured or killed. News media reporting of these adverse outcomes has caused the PIT and the agencies that employ it to come under scrutiny.

### STEPS TO PERFORM THE PRECISION IMMOBILIZATION TECHNIQUE

The PIT requires skill to execute effectively, but it's not especially difficult to describe:

1. The officer intending to use the PIT pulls up behind the target vehicle, offset to the vehicle's left or right, and overlaps the target vehicle length by two or three feet.
2. The officer matches the speed of the target vehicle, then hits the rear quarter panel of the target, just behind the rear wheel, with the patrol vehicle's right or left front bumper.
3. On making contact, the officer turns the patrol vehicle steering wheel one-quarter turn toward the target, then immediately turns the wheel back to the direction of travel

This impact causes the target vehicle's tires to break traction and the rear to spin away from the officer's vehicle. Ideally, the target vehicle should come to rest pointing 180 degrees from the original direction of travel. The officer can then position their patrol vehicle to either provide cover or to hold the driver's door closed, cutting off the driver's easiest avenue of escape.

Occasionally, the driver of the target vehicle recovers from the spin and simply drives away, forcing the pursuing officers to try another PIT or resort to some alternative method of stopping the pursued vehicle. In this pursuit video, the California Highway Patrol needed several PIT attempts before the driver was stopped and apprehended:

Exhibit # DD 5

## Boxing-In, Ramming, and Roadblocks

Each jurisdiction has explicit rules on tactics for stopping the pursued vehicle. St. Petersburg defines three tactics:

1. **Boxing-In.** The surrounding of a law violator's vehicle with pursuit vehicles which are then slowed to a stop along with the law violator's vehicle.

2. **Ramming.** The deliberate act of hitting a law violator's vehicle with a pursuit vehicle for the purpose of functionally damaging or forcing the violator's vehicle off the roadway.

*T- Boxed my driver's side by Ramming me*

3. **Roadblocks.** A barricade or other obstruction across a roadway set up to stop or prevent the escape of a fleeing vehicle.  As can be seen from appendixes A through D, the four departments severely restrict, if not prohibit, these tactics.

## Firearms

Nassau County flatly prohibits use of firearms in a pursuit.  A brief paragraph states both the rule and its rationale:

Firearms should not be used in an attempt to stop a pursued vehicle.  This applies to officers at roadblocks, as well as to pursuing officers.  Fortunately, such action is rarely taken, because most officers realize it is extremely danger-ous and ineffective.  A car traveling at high speed with a wounded or dead person at the controls, would be far more dangerous than the pursuit, and a danger that none of us can justify.

The other three departments are silent on use of firearms in high-speed pursuits.

## Aircraft Rules

Three of the four departments studied have specific rules governing departmental aircraft in pursuit.  Phoenix and Mesa have identical rules, which follow:

When an aircraft is available to assist, the following guidelines will be used:

1. When the aircraft has advised that the suspect vehicle is in view, officers in primary vehicles will turn off their emergency lights and slow to a safe operat-ing speed.

2. The aircraft will continue to advise of the suspect vehicle's location and ap-proximate speed.

3. Support units should attempt to be in a position to apprehend the suspect when the suspect vehicle stops.

4. The aircraft will maintain a safe height to allow the operator to observe the suspect vehicle.

*Notes VSP J. Street operated clearly airside of his trained policies*

## Review Procedures

*D #6* [handwritten]

Each of the four policies studied has a detailed management review procedure. Mesa's policy is typical. It requires that the following questions be answered:

1. What was the reason for the pursuit? [X marks]

2. What were the conditions of the pursuit [e.g., traffic condition(s), time of day, vehicle speed(s), number of Mesa officers involved, and number of Mesa vehicles involved]?

3. During the pursuit, did the actions of the involved officer(s) conform to established department policy? [X mark]

4. Were there any exceptions to the policy? If so, what were they and why did they occur?

5. Was any action taken against the suspect vehicle (e.g., ramming or roadblock)? If so, what circumstances necessitated this action?   *None at 20mph!* [handwritten]   *D #5* [handwritten]

6. If personnel or vehicles from other agencies assisted in the pursuit, how many personnel and vehicles responded and what role(s) did the assisting agencies have in the pursuit?   *None! Never a chase as reported all lies.* [handwritten]

7. Based on the information compiled for this report, did the reporting supervisors find that the pursuit was handled properly or should it have been handled differently? Briefly justify this finding.

The Phoenix procedure specifies that the purpose of the review is to determine if:

1. The pursuit was necessary and within departmental policy.

2. Training needs should be considered.

3. Policy changes need to be considered.

*There was No reason to use Excessive or Deadly Force* [handwritten]

*D#6 Driving 20 mph a legally rented vehicle didn't justify Ramming my vehicle off the road by Excessive Deadly Force.* [handwritten]

*Rammed my on-coming Non-threat 20mph vehicle concrete divided Hwy, Then charged me despite videos proof and my testimonies.* [handwritten]



# COMMONWEALTH OF VIRGINIA

Colonel Gary T. Settle
Superintendent

(804) 674-2000

**DEPARTMENT OF STATE POLICE**
Post Office Box 27472
Richmond  Virginia 23261-7472

Lt. Colonel Kirk S. Marlowe
Deputy Superintendent

August 6, 2024

Derrick M. Chandler #42206
Riverside Regional Jail
500 Folar Trail
North Prince George, VA 23860

**RE:  Freedom of Information Request: NR # 24-6562: Pursuit General Orders,
Pursuit Directives**

Dear Mr. Chandler:

This is in response to your Virginia Freedom of Information Act (VFOIA) request,
referenced above, that was received on or about August 6, 2024. As you may be aware,
requests for records of the Commonwealth, its agencies and political subdivisions are
governed by the VFOIA, §§ 2.2-3700 et. seq. of the Code of Virginia.

In accordance with the Code, please be notified that FOIA is not available to any person
incarcerated in a state, local or federal correctional facility, whether located within or
without the Commonwealth pursuant to Virginia Code § 2.2-3703(C). As such, the
requested records will not be released.

If you have any questions, you can contact our office at (804) 674-6722.

Sincerely,

William K. Shipman
Office of Legal Affairs

Trail June 13, 2023

VIRGINIA:

IN THE CIRCUIT COURT OF PETERSBURG

COMMONWEALTH OF VIRGINIA          *
                                  *
            Plaintiff             *
                                  *
v.                                *   Case No. CR23000927-00
                                  *             CR23000928-00
                                  *             CR23000929-00
                                  *
DEREK MICHAEL CHANDLER            *   Civil a
                                  *
            Defendant             *
                                  *

        Complete transcript of the testimony and
other incidents in the above when heard on June 13th,
2024, before the Honorable Dennis M. Martin, Sr.,
Judge.

            COMMONWEALTH REPORTERS, LLC.
        P. O. Box 13227  Richmond, Virginia  23225
        Tel. No. 804-859-2051  Fax No. 804-291-9460

Go to Ext #1 Page (17 and 18) Prince George

1    to begin a -- until he activated the

2    emergency equipment.  Once the other trooper

3    -- officer was there, Trooper Hedgepeth

4    activated the emergency equipment -- lights

5    and sirens -- to attempt to stop the

6    vehicle.  It was about 11:03.  (Not True)

7                At that point, the defendant's

8    vehicle sped up significantly, took I-95

9    North.  Reached speeds on I-95 North in

10   excess of 125 miles per hour.  Entered the

11   City of Petersburg at that point.

Not True

12               Suspect vehicle entered Exit

13   50A onto eastbound 460 traveling at a high

14   rate of speed and swerving in and out of

15   lanes as well in traffic.

16           ✗  (At one point, went into an

17   oncoming lane of traffic briefly on 460.

18   All the while, I will state all drivers

19   involved handled their vehicles

20   stupendously.

21               There was no touching,

22   scraping -- any kind of collision on any

23   vehicle from either the defense or the --

24   the defendant or the State Police.  And

25   there were some close, very tight maneuvers

P.G. Miss se. Double Jeopardy.

COMMONWEALTH REPORTERS, LLC   804-859-2051

Ex#

Petersburg, Wagners Rd and Fort Ross    Page 17

1    on such. And as they approached Fort Ross

2    Drive, Trooper Hedgepeth found the suspect

3    and attempted to slow the vehicle down. At

4    which point, the vehicle did a u-turn at

5    Wagner Road and Fort Ross Drive. Ext (1-5)

     *compare*
6    stage 1    Then after that u-turn,    vs. EX#6

7    Trooper Reeves' vehicle crossed over the

8    median in an attempt to block off several

9    lanes to slow down and stop the vehicle, but

10   did provide an avenue of escape through the

11   right shoulder and some of the right lane. EX#6

12              At which point, as Trooper

13   Reeves was doing so, he was in the direct

14   line of sight of the vehicle -- of the

15   defendant's vehicle.

16              The defendant's vehicle then

17   finishes this turn -- the u-turn,

18   straightens out the wheel now to go to the

19   right to avoid -- to the left towards the

20   vehicle, towards Trooper Reeves) vehicle.

21              Continues on at approximately

22   35-40 miles per hour hitting the vehicle

23   containing Trooper Reeves and Officer Street. Ext(1-5)

24   with the Petersburg public -- Petersburg

25   Bureau of Police. And only upon hitting the

Note: Compare to Prince George's versions out of same events. ?

Ex# 16    Page 18

1    vehicle were the brakes then engaged on the

2    defendant's vehicle causing the estimate of

3    which over $9,000.00.  The Virginia State

4    Police were able to recover approximately

5    $2,600.00 for scrap of the vehicle, still

6    leaving the $6,986.78 number for the

7    difference of what it would be for the

8    vehicle.

9            At that point, the officers

10    were both in the car as it was hit

11    intentionally.  They -- the defendant's car

12    at that point stopped after hitting them in

13    the opposing lanes of traffic.

14            The officer made commands to

15    leave the vehicle.  The defendant stated

16    that he had a gun, though no gun was

17    recovered.  However, upon his statement he

18    had a gun, there was a standoff attempting

19    to get him out of the vehicle.

20            And eventually, the tactical

21    team had to come out to assist in getting

22    him out.  Tear gas was ultimately deployed.

23    We would have entered -- would have

24    introduced as Commonwealth's 1 for the

25    record, Trooper Hedgepeth's dashcam which

1    captured the full second encounter of the

2    vehicle on 95, 460 and the crashing into the

3    trooper. And that the hitting of the

4    vehicle took place on Wagner Road in the

5    City of Petersburg, and that it was Derek

6    Reeves identified as the trooper.

7

8           THE COURT: Ms. Gibson, anything to

9    add?

10

11          MS. GIBSON: Judge, just that --

12    just that if the case had gone to trial, the

13    argument would've been about the swerving

14    around Trooper Reeves' vehicle.

15         I believe the front of Trooper

16    Reeves' vehicle collided with the front left

17    of Mr. Chandler's vehicle. But other than

18    that, that's the summary that we understand

19    as well. And no objection to the entry of

20    the dashcam footage.

21

22          THE COURT: All right. The Court

23    will find that his no contest pleas were

24    entered freely and voluntarily after advice

25    from counsel. We'll move to a sentencing

Page 23

```
 1              THE COURT:  Mr. Chandler, stand up,
 2      sir.  Is there anything you'd like to say
 3      before the Court enters the agreed upon
 4      sentence?
 5
 6              THE DEFENDANT:  I just -- I thank
 7      my lawyer, you know, for the hard work you
 8      did for me.  And you know, I apologize to
 9      the lives I put at risk that day and to the
10      fact what I was going through.
11              And the troopers, you know,
12      thank y'all for not shooting, you know.  And
13      so, you know, with that being said, I'm just
14      looking forward to putting this behind me.
15
16          *   THE COURT:  I'll say to you that
17      just based upon the summary -- and I didn't
18      look at the dash -- the cam.  But your --
19      Ms. Gibson did a very good job negotiating
20      and Mr. Mueller was very generous.
21              And obviously, the troopers
22      were very understanding in -- in this plea
23      agreement coming about.  So you do have a
24      lot to be thankful for --
25
```

**COVER SHEET FOR FILING CIVIL ACTIONS**

Case No. ................................................

COMMONWEALTH OF VIRGINIA

(CLERK'S OFFICE USE ONLY)

Derek M. Chandler " Va. Petersburg ........ Circuit Court

5157 Damon Dr.

v./In re:

Derek M. Chandler Pro Se v. VSP Trooper M. Hegbeth

PLAINTIFF(S)    DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
- [ ] Claim Impleading Third Party Defendant
  - [✓] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**
- [ ] Attachment
- [ ] Confessed Judgment
- [ ] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [✓] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [✓] Other General Tort Liability

## ADMINISTRATIVE LAW

- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

## WRITS

- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

**FILED**

**AUG 22 2025**

Maytee E. Parham
Clerk of Circuit Court
Petersburg, Virginia

## PROBATE/WILLS AND TRUSTS

- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare/Create
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

## MISCELLANEOUS

- [ ] Amend Birth/Death Certificate
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Approval of Transfer of Structured Settlement
- [ ] Bond Forfeiture Appeal
- [ ] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [✓] Forfeiture of Property or Money
- [✓] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [✓] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [✓] Other (please specify) 801-18.1 Va.U.S.C.1983
  Jury Demand.

[✓] Damages in the amount of $ ................................ are claimed.

8/21/2025
DATE

Derek M. Chandler Pro Se
PRINT NAME

[✓] PLAINTIFF   [ ] DEFENDANT   [ ] ATTORNEY FOR   [ ] PLAINTIFF [ ] DEFENDANT

5157 Damon Dr. Petersburg Va 23234
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

5157 Damon Dr. Richmond, Va 23234

Derek Chandler

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.